IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

WALTER J. POSTULA,

       Plaintiff,

VS.

MICHAEL A. DOOLEY, individually
JAMES H. HOLLORAN, individually
and STEVEN MICHAEL PIEKARA,
individually.
       Defendants._____/

## **COMPLAINT**

    Plaintiff, Walter J. Postula ("Postula"), brings this action against three individuals, Michael A. Dooley ("Dooley"), James H. Holloran ("Holloran") and Steven Michael Piekara ("Piekara").  Defendant, Michael Dooley is a Martin County realtor with Illustrated Properties, Inc. in Hobe Sound, Florida and a Republican political operative while James H. Holloran is a Martin County, Florida, deputy sheriff.  Piekara is a law enforcement guard at the Martin County, Florida Jail.

    The first count is for fraud by Holloran and Dooley, individually, which led to their malicious prosecution of Postula for the felony charge of Aggravated Assault with a Deadly Weapon.  The second count is against Piekara for a federal civil rights violation against Postula under the Eighth Amendment of the United States Constitution for the use of unnecessary and excessive force which caused cruel and unusual punishment as well as physical and emotional distress to Postula.  The third count is against Piekara, individually, for the intentional infliction of severe emotional distress to Plaintiff.

**JURISDICTION**

1. The Court has jurisdiction of the federal claims in this action pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 1983, and over the state claims pursuant to its derivative jurisdictional powers.

2. Plaintiff, Walter J Postula, is a citizen of the United States and a resident of Miami-Dade County, Florida.

3. Defendant, Michael A. Dooley, (hereinafter "Dooley") was a real estate broker with Illustrated Properties, Inc., at all times material to this Complaint and had an office address of 9148 SE Bridge Road, Hobe Sound, Florida 33455. Dooley is a resident of the State of Florida. This action is being brought against him individually in the fraud/malicious prosecution causes of action.

4. Defendant, James H. Holloran (hereinafter "Holloran"), was a Deputy Sheriff in Martin County, Florida at all times material to this Complaint and is a resident of the State of Florida. The first action, fraud/malicious prosecution is being brought against him individually.

5. Martin County Jail Guard Steven Michael Piekara (hereinafter "Piekara") is a resident of St. Lucie County, Florida and is being sued individually for the second and third causes of action. Piekara was at all times material to this complaint a law enforcement guard at the Martin County, Florida Jail whose office address is 800 S.E. Monterey Road, Stuart, Florida 34994.

6. These claims arose in the Southern District of Florida and thus venue is appropriate there.

**FACTS**

7. Postula formerly resided in Hobe Sound, Florida, where these Claims matured. He was at the time a semi-retired lawyer and a member of the Florida Bar. During his over forty year legal career, he had been an Assistant United States Attorney for four years, a senior trial attorney for the United States Department of Justice in Washington D.C. for ten years, an Assistant Attorney General for the State of Florida for two years and a Senior in-house Counsel for I.E. DuPont de Nemours, Inc., in Wilmington, Delaware for two years. During the remaining twenty plus years, he practiced civil trial law in Florida. Postula has been AV rated by Martindale-Hubbell lawyer-rating service, which is their most distinguished and highest ethical and professional legal designation, for over twenty-five years.

8. While living in Martin County, Postula made a habit of collecting litter and debris carelessly discarded along county roads and Martin County public rights-of-way, particularly S.E. Bridge Road, which he considered to be particularly picturesque but for the litter deposited there by others. He did this activity as a community service.

9. On September 22, 2016, while driving East on SE Bridge Road, he noticed a small political sign in a Martin County public right-of-way, which he was able to see some distance away. He parked his motor vehicle as he got closer to the sign. Then he walked onto the Martin County right-of way, a public right-of-way with a sidewalk, grass and a county sign, and picked up the political sign as it had been unlawfully placed in the public's right-of-way between the sidewalk and the edge of SE Bridge Road, well in front of the Illustrated Property real estate office. Political signs are prohibited from being placed on Martin County land and public right-of-ways.

10. At that time, Defendant Dooley exited his Illustrated Properties' real estate office nearby and walked up to Postula. Dooley denied ownership of the small political sign that Postula had picked up from the County's public right-of-way and falsely claimed that he did not know its owner, but did say that he owned the real estate office and its asphalt parking lot at 9148 SE Bridge Road, Hobe Sound, Florida. He also admitted to Postula that he did not own the Martin County public right-of-way land between his parking lot and the edge of S.E Bridge Road, where the sign had been located. Postula attempted to hand the sign to Dooley but Dooley refused to accept it.

11. The sign that Postula had removed from the County right-of-way was a small "Trump-Spence" political sign. There were also much more substantial political signs physically located on Dooley's property but they were not in the public right of way. These were County permitted political signs that had wood borders and a wood foundation as required by Martin County Ordinances. The signs endorsed other Republican candidates for office. Postula did not disturb those signs since they were on private property and not in the public's right-of-way. The Trump-Pence sign was a flimsy "snipe sign" (small metal U-shaped frame with a thin plastic covering that was stamped "Trump-Pence." Snipe signs were also prohibited by the County from use on both public and private property. Additionally, all political signs were prohibited from being placed on Martin County land and public right-of-way property. Postula then attempted to exit the area in his motor vehicle with the sign and proceed to his home.

12. Dooley, however, who had previously stated that he did not own the Trump sign and did not know its owner, had a history of placing unlawful political signs in the same public right-of-way near his office to give his Republican candidates

4

additional publicity to motorist driving along SE Bridge Road in Hobe Sound. Before, in a prior Martin County election, Dooley had placed a sign endorsing Harold Jenkins for the Martin County Commission in virtually the same spot where he placed the Trump sign on September 22, 2016.  (Mr. Jenkins won that prior election and is currently a Martin County Commissioner.)

13. Dooley defiantly stood directly behind Postula's motor vehicle trapping Postula in the parking lot for several minutes.  Finally, Dooley walked slowly to the side of Postula's car permitting him to back up and leave.   Dooley appeared angry with a flushed face but did not verbalize to Postula why he was upset or why he trapped Postula's motor vehicle from leaving.

14. Postula then drove to his nearby home and placed the unlawful Trump snipe sign in his recycle bin.

15. That same afternoon, about an hour later, Holloran arrived at Postula's home in his marked police vehicle. He was in uniform with a large gun belted to his waist.  Holloran banged loudly on Postula's front door and inquired whether Postula had removed "one of our Trump-Pence signs". Postula admitted removing the Trump-Pence sign from the public's right-of-way but explained that it had been unlawfully placed on County (public) right-of-way property.  At Holloran's request, Postula retrieved the sign from the recycle bin in his garage and gave it to Holloran in near-perfect condition.

16. Holloran also mentioned to Postula that an unnamed person (later identified to be Defendant Michael A. Dooley) had claimed that Postula attempted to run him over with his motor vehicle in Dooley's asphalt parking lot.  Postula strongly denied this serious allegation and gave Holloran a sworn statement to that effect.

17. Five days later, on September 27, 2016, Holloran returned to Postula's home waving an Arrest Warrant for Postula's arrest for the serious felony charge of Aggravated Assault with a Deadly Weapon (an automobile).  The Arrest Warrant had been signed by a Martin County Court Judge and was based on Deputy Sheriff Holloran's sworn false and fraudulent affidavit, complaint and investigation report.  It was also based on Dooley's sworn false and fraudulent written statement in his affidavit that Dooley had "to move out of the way of [Postula's] vehicle or he would have hit Dooley".  Holloran's affidavit, complaint and testimony also contained numerous false and fraudulent allegations and exaggerations of facts against Postula that he knew or should have known were not correct.  The most egregious statements in Holloran's affidavit are: "…Postula knew Dooley was standing behind his vehicle did accelerate at a above normal rate (squealing tires) in the direct direction of Dooley putting Dooley in fear for his life.  Without Dooley jumping out of the way, he would have been struck by Postula's vehicle.  Holloran did not witness this event.  Further, Halloran's affidavit and report did not mention that Postula vigorously denied trying to run Dooley over with his car.

18. Holloran immediately hand-cuffed Postula and placed him in a cage in the back seat of his patrol car.  Postula had never before been charged with a felony, arrested, handcuffed, placed in the cage of a police car, or taken to a jail.

19. While in the police car, Holloran told Postula in a spitting, angry and incensed tone of voice, that he knew the law in Florida as well as Martin County ordinances.  Holloran claimed that the law prohibited Postula from walking, touching or picking up any object or thing in the public's (County's) right-of-way.  Holloran was

6

driving Postula to the Martin County jail but kept turning toward Postula while driving with one hand to emphasize his message that he, a law enforcement officer, believed Florida and Martin County law to be. Holloran's understanding of Florida law and Martin County ordinances is woefully and grossly wrong.

20. Holloran drove Postula to the Martin County Jail. As Postula was getting out of the Deputy Sheriff's car, Holloran said: "Enjoy your stay in the jail, Walter."

21. Upon entering the jail, Postula, who was only wearing a T-shirt , baggy short pants and sandals, was given a quick pat-down search for weapons and contraband by Defendant, Martin County Jail Guard Steven Michael Piekara. This pat down appears in the film provided Postula's defense attorney by the Martin County State Attorney through discovery. Nothing was found on Postula during this initial and thorough body search. Subsequently he was photographed, finger printed, and swabbed in the mouth for DNA testing.

22. Although Piekara had already searched Postula for weapons and contraband, he explained to Postula that a second body search in a private back room of the jail was also necessary. This, however, was nothing like the pat-down that he previously received as he entered the jail. It was a barbaric and unlawful search by Defendant jail guard Piekara performed while two other unknown guards held Postula firmly with their hands tightly gripping his upper arms. While the excessive force search was ongoing, Piekara, ran both of his hands and fingers together slowly kneading inside Postula's short pants directly touching over Postula's abdomen, hips, thighs, buttocks, penis, genital area, and then put his fingers up his anus.   Postula did not struggle during this highly illegal, despicable and outrageous body search because Postula

noticed an overhead camera in the search room.  He assumed that this brutal search, which Piekara claimed was necessary, was being recorded and film would be sent to his attorney after Postula was released from jail.  For this reason he did not struggle with the guards or cry out for help, even though he wanted to.  Postula has not yet been provided a copy of a video showing the actions of Piekara and the other two guards during and after the search.

23. The second search produced no weapons, contraband or anything else from Postula.  When the searching guard, Piekara, verbally announced that his search was over, Postula dropped his hands from the wall and reached down to pull up, latch and zip-up his short pants.  In spite of the prior verbal announcement by Piekara that the second search was over, the two guards forcibly holding Postula by the upper arms shouted that the search was not finished and demanded that Postula put his hands back on the wall.  The guards then lifted Postula up off his feet severely straining his shoulders and pushed him toward the nearby wall.  They then shoved Postula back and forth between themselves while appearing to not get full control over him or provoking Postula to fight them.  Postula was shocked by their unlawful provocations but made no attempt to strike any of the guards.

24. It is not the policy or procedure of the Martin County Jail to do body cavity searches of arrestees.  Incoming persons arrested are either given a quick pat-down search or, on the authorization of the Sergeant in charge of the jail at the time, are given a "strip search."  A "strip search" entails an arrestee to completely disrobe so that jail guards can search his clothing as well as visually see whether the person has any weapons or contraband on his body.

25. Jail guard Piekara's actions in putting both hands inside Postula's short pants, touching over his abdomen, hips, thighs, penis, genital area and buttocks and forcing his hands up his anus constitute an unlawful, unwarranted and excessive search of his body.  Those actions along with lifting Postula off his feet while holding his upper arms as well as well as shoving him back and forth between Piekara and the two others constitutes the use of excessive and unnecessary force to search Postula. Their actions violated Postula's Eighth Amendment right to be free of cruel and unusual punishment. The jail guards' actions caused Postula immediate pain, suffering and severe emotional distress, injuries which continue to plague Postula.

26. The actions of Defendant Piekara along with the two other guards unlawfully punished and terrorized Postula as well as caused him painful physical, psychological and emotional injuries.

27. Postula was able to bond out of jail later that day.  The following day, September 28, 2016, while driving his motor vehicle past Dooley's real estate office (Illustrated Properties) in Hobe Sound, Florida, he saw an identical or perhaps the same illegal (under Martin County law), snipe 'Trump-Pence" sign in front of Dooley's' office, but it was now clearly located on Dooley's property in between bushes as opposed to being placed in the public's right-of-way facing east and westbound drivers along SE Bridge Road. Another addition to Dooley's property, was a new, large sign endorsing the current Sheriff, William Snyder's, re-election.   At that time, Sheriff Snyder was the superior to Deputy-Sheriff Holloran as well as Jail Guard Steven Piekara. (Sheriff William Snyder was re-elected Sheriff in a November, 2016 election.)

28. The false and unlawful felony charge against Postula was based on and supported by Holloran's and Dooley's false affidavits. Holloran was able to get an Arrest Warrant for Postula signed by a cooperative judge who apparently did not question the affidavits of Dooley and Holloran. Due to Postula's arrest, he was compelled to hire a criminal defense attorney.

29. On October 17, 2016, or three weeks after being jailed on the filing of the felony charge against Postula, The Martin County State Attorney dismissed Postula's felony charge of Aggravated Assault with a Deadly Weapon, by filing a "No Information" relating to the felony charge. This document dismissed the felony charge against Postula and vindicated him of the charge.

30. As a result of the above-stated unlawful actions by defendants Dooley, Holloran and Piekara as well as the injuries they inflicted on him, Postula has been compelled to retain the services of undersigned counsel and is obligated to pay them a reasonable fee for their services for which defendants are responsible to pay under the law.

## COUNT I – FRAUD

31. By this reference, Postula incorporates each and every allegation contained in paragraphs 1 through and including 30 of this Complaint as if fully set forth herein.

32. The elements of fraud are the following. Fraud is the misrepresentation of a material fact. There must be knowledge on the part of the accused that they were misrepresenting the fact. The misrepresentation must be made purposely with the intent of fooling the victim. The victim must have believed the representation and relied

upon it.  Lastly, the victim must have suffered damages as a result of the misrepresentation.

33.     Dooley falsely stated in his affidavit that "…he (Postula) backed up at rapid rate (He had to know that I was standing there because we were engaged in the dialogue just before he got into his car.  I had to move out of the way of the vehicle or he would have hit me."

34.     After interviewing Dooley, Holloran provided additional false and fraudulent statements concerning Postula.  Holloran stated in his affidavit that "… Dooley has to jump out of the way to avoid being hit" and "…Postula knew Dooley was standing behind his vehicle did accelerate at a above normal rate (squealing tires) in the direct direction of Dooley putting Dooley in fear of his life.  Without Dooley jumping out of the way he would have been struck by Postula's vehicle."  However, Holloran did not witness this event.

35.     Both Dooley's and Holloran's statements in their affidavits are false, fictitious and fraudulent.  The falsities both concern a material fact, whether Postula tried to run over Dooley.  Dooley and Holloran both knew at the time they prepared their affidavits and report that they were misrepresenting material facts as true when they were not.  Their representations were made purposely to fool their victims.

36.     The victim of Holloran's and Dooley's false representations was Postula.

37.     Holloran was required to get his supervisors, Sgt. Balter and Sheriff William D. Snyder, as well as an attorney from the Martin County State Attorney's Office to approve of Holloran's request for an Arrest Warrant against Postula for the false felony charge of Aggravated Assault with a Deadly Weapon.  Sgt. Balter, Sheriff Snyder

11

and the attorney for the Martin County State Attorney's Office negligently reviewed Holloran's affidavit, report as well as Dooley's affidavit and approved Holloran to seek an Arrest Warrant for Postula on the felony charge of Aggravated Assault with a Deadly Weapon from County Court Judge.

38. Holloran provided his fraudulent affidavit, papers and Dooley's false affidavit to Martin County Court Judge Darren Steele along with an Arrest Warrant for Postula, but did not provide the judge with the signed, sworn statement that had been prepared by Postula and which denied specifically the claims of an actual or attempted battery with his vehicle and which also set forth other facts that were at odds with the papers presented to the judge.  As a law enforcement officer, Holloran, had the duty to ensure that every document and allegation he provided to the Judge was accurate and not misleading.  Holloran breached this duty by not informing the Judge of the fraud and falsities in the documents and by not providing a copy of Postula's swarm statement which denied specifically the claims of an actual or attempted battery with his vehicle and which also set forth other facts that were at odds with the papers presented to the judge.  Without knowing Holloran's and Dooley's documents and assertions to be false and fraudulent, County Court Judge Darren Steele signed the arrest warrant for Postula on the serious felony charge of Aggravated Assault with a deadly weapon.

39. Postula, the victim of Holloran's and Dooley's false and fraudulent affidavits, along with the fraudulent report of Holloran, was damaged by their  false documents and misrepresentations as he was arrested by Holloran upon the falsely obtained Arrest Warrant for the serious and false felony charge of Aggravated Assault with a Deadly Weapon.

Wherefore, Postula seeks compensatory damages, costs, attorney's fees, interest and such other relief against Holloran and Dooley, individually, as the Court deems just and proper for the State-based action.

### **COUNT II – MALICIOUS PROSECUTION**

40.     By this reference, Postula incorporates each and every allegation contained in paragraphs 1 through and including 39 of this Complaint as if fully set forth herein.

41.     By making fraudulent statements in their affidavits, Dooley and Holloran had the intention that their false statements would induce other people to act on them. Holloran presented their fraudulent statements to his superior at the Martin County Sheriff's office Sgt. Timothy Joseph Balter to get permission to present the fraudulent statements to a Martin County Judge for the purpose of getting a signed Arrest Warrant for Postula.  Sgt. Balter along with Sheriff William Snyder wrongfully or negligently approved of Holloran's affidavit and report without studying them more carefully.  They authorized Holloran use an attorney from the Martin County State Attorney's Office to seek and get an arrest warrant prepared and signed by a County Court Judge against Postula.  With the commencement of this judicial proceeding against Postula.  Dooley and Holloran's false affidavits against Postula were the legal causation that propelled their malicious prosecution against Postula.

42.     The Arrest Warrant for Postula states in part: "Whereas upon the sworn affidavit, complaint or other sworn testimony of James H. Holloran of the Martin County Sheriff's Office the undersigned Judge, has found that there exists probable cause to

believe that one Walter J. Postula, in Martin County, Florida did commit the below listed offense (Aggravated Assault with a Deadly Weapon).

43.     The Arrest Warrant for Postula further provides that: "… Postula intentionally and unlawfully threatened by word or act to do violence to the person of Michael Dooley, having the apparent ability to do so, and did act which created a well-founded fear in Michael Dooley that such violence was about to take place, and in the process thereof used a deadly weapon, to wit: Motor Vehicle, in violation of Florida Statutes 784.021(1)(a).  The Arrest Warrant for Postula on the felony charge was based on the false and fraudulent representations of Dooley and Holloran in their affidavits and Holloran's report.

44.     Their statements were false and concerned the material fact that Postula had attempted to run over Dooley with his automobile.  By reason of the unlawful arrest, unlawful detention and imprisonment for the serious felony charge of Aggravated Assault with a Deadly Weapon, Postula suffered numerous indignities, physical and psychological injuries, as well as severe emotional distress, while being processed as an arrestee in the Martin County, Florida Jail.

45.     Dooley and Holloran intended to cause Postula physical, psychological and emotional injuries and distress by their false affidavits and malicious prosecution of him for the felony of Aggravated Assault with a Deadly Weapon.

46.     Postula was exonerated of the felony charge of Aggravated Assault with a Deadly Weapon when the Martin County State Attorney's Office dropped the charge on October 17, 2016. This terminated the felony charge against Postula because there was an absence of probable cause for Postula's prosecution for the serious felony charge.

47.     The false and fraudulent statements of Dooley and Holloran in their affidavits used to support the Arrest Warrant and the prosecution of the felony charge against Postula were maliciously and fraudulently drawn to harm Postula.  Dooley prepared his affidavit because he sought political revenge against Postula.  He concluded that Postula removed the Trump sign from the public right of way because he was a political enemy of Republicans supporting Trump for election.  Holloran prepared his false and exaggerated affidavit and police report as he also wanted political revenge against Postula since Holloran, like Dooley, was an ardent supporter of Trump.  Neither considered that the sign was unlawfully placed in a public right-of-way and that Postula's intent was simply to remove and recycling litter when he picked up the sign.

48.     Postula was damaged by the malicious prosecution of him for the felony charge of Aggravated Assault with a Deadly Weapon leveled by Dooley and Holloran.  Postula suffered both physical and emotional distress from the fraudulent and outrageous actions of Dooley and Holloran in preparing false affidavits leading to the malicious prosecution of Postula for Aggravated Assault with a deadly weapon.

WHEREFORE, Postula seeks compensatory damages, costs, attorney's fees, interest and such other relief and other relief against Dooley and Holloran, individually, as the Court deems just and proper under the State-based action.

## COUNT III
## VIOLATION OF FEDERAL CIVIL RIGHTS

49.     Postula incorporates each and every allegation and averment contained in paragraphs 1 through including 30 of this Complaint as though fully set forth herein.

50.     Martin County Jail Guard Steven Michael Piekara along with two other unnamed guards, used excessive force in causing Postula to suffer a slow, two-handed,

unnecessary, unwarranted and humiliating body search conducted inside his baggy, short pants that included unlawfully touching over and groped areas of his abdomen, hips, thighs, buttocks, penis, genital area, as well as putting his fingers up his anus. This excessive force body search, which occurred after the initial pat-down search of Postula, produced neither weapons, drugs or other contraband.  What it did do, however, was terrorize and injure Postula as well as deprive him of constitutionally protected rights, privileges and immunities secured to him by the Eighth Amendment to the United States Constitution and 42 U.S.C. 1983.  The Eighth Amendment prohibits law enforcement officers from using cruel and unusual punishment on incarcerated citizens.

51. Further, the unlawful actions of Defendant guard Piekara and two others acting in concert with him to roughly lift Postula up by his upper arms with his feet off the ground, then shoving him back and forth between themselves to exert more unnecessary control and bondage of Postula constitutes clearly excessive and unlawful force.  Again, the unlawful, unnecessary and excessive force used by Piekara and two other guards in doing a second search of Postula deprived of rights, privileges and immunities secured to him by the Eighth Amendment to the United States Constitution and 42 U.S.C 1983, that is law enforcement officers are prohibited from using cruel and unusual punishment against inmates of a County Jail.

WHEREFORE, Postula seeks compensatory damages, attorney's fees, costs, interest, and such further relief against Martin County Jail guard Steven Michael Piekara, individually, along with two others yet to be identified, as the Court finds to be just and proper.

16

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. By this reference, Postula incorporates each and every allegation contained in paragraphs 1 through and including 51 in this Complaint as if fully set forth herein.

53. Intentional infliction of emotional distress consists of the deliberate and reckless infliction of mental suffering; outrageous conduct; the outrageous conduct caused the emotional distress; and, the distress was severe.

54. Martin County Jail Guard Steven Piekara, along with two other currently unknown guards, roughly held Postula under their physical control while conducting an unlawful body and cavity search inside Postula's short pants while he was a newly arrested inmate of the Martin County Jail. Piekara and the other two guards intended their barbaric actions to cause severe emotional harm to Postula and they did exactly that. Piekara and the other two guards knew or should have known that emotional damage would likely result to Postula from their unlawful and outrageous actions. The conduct of Jail Guard Piekara and the two other guards was so shocking that it went beyond all bounds of human decency; their actions are totally intolerable in a civilized community. Defendant Piekara's conduct along with that of the other two guards clearly rises to an extreme level of outrage as it caused severe emotional harm to Postula.

55. Further, Defendant Piekara's actions in concert with that of the other two guards in roughly lifting Postula up by his upper arms and shoving him toward a nearby wall and then shoving him back and forth between themselves, employed to provoke him to fight the three of them, was intended to cause Postula severe emotional distress and it did exactly that. Defendant Piekara and the two other guards acting in

conjunction with each other knew or should have known that severe emotional damage would likely result to Postula from their unlawful and Gestapo-like actions. Piekara's actions along with those of the other guards clearly rises to an extreme level of outrage as it caused severe harm to Postula.

56. Postula suffered severe and ongoing emotional distress as a result of the illegal and horrific actions of jail guard Piekara and the two other jail guards.

57. Postula has been compelled to retain the services of undersigned counsel and is obliged to pay them the reasonable fees and costs for their services for which Defendant Steven Michael Piekara and the other two as yet unnamed guards are individually responsible for under the law.

Wherefore, Postula seeks compensatory damages, attorneys' fees, costs, interest and such further relief against Defendant Steven Michael Piekara and the other two jail guards, yet to be named, as the Court finds just and proper.

## DEMAND FOR JURY TRIAL.

58. Plaintiff seeks that this cause and all issues in this case be tried before a jury.

## RIGHT TO SEEK PUNITIVE DAMAGES

59. Postula reserves the right to amend his pleadings to identify the names of the two Martin County Jail guards who acted in concert with Defendant Piekara to injure Postula and deprive him of his civil rights. Further, Postula reserves the right to amend his pleadings to seek punitive damages against all Defendants, Michael A. Dooley, James H. Holloran and Michael Steven Piekara as they may be justified hereafter upon application to the Court.

**DATED**: December 8, 2017.

                        Respectfully submitted,

                        Joseph P. Klock, Jr., Esq., FBN 156678
                        Hilton Napoleon, Esq., FBN 17593
                        Rasco Klock Perez Nieto, LLC
                        2555 Ponce de Leon Blvd., Suite 600
                        Coral Gables, FL 33134
                        (305) 476-7111 Telephone
                        (305) 675.7707 Facsimile
                        Email: jklock@rascoklock.com
                        Email: hnapoleon@rascoklock.com

                        *Counsel for the Plaintiff, Walter J. Postula*


                        By: *Joseph P. Klock, Jr.*
                                Joseph P. Klock, Jr., Esq.